**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INGER M. GRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GRABOWSKI LAW CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff, Inger M. Graves, brings this action against Grabowski Law Center, LLC, to recover damages for unlawful collection practices. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction over defendant in this District is proper because defendant is located here.

## PARTIES

5. Plaintiff is a resident of the Northern District of Illinois.

6. Defendant Grabowski Law Center, LLC is a law firm organized as an Illinois limited liability company. It is located at 1400 East Lake Cook Road, Suite 110, Buffalo Grove, IL 60089.

7. Defendant Grabowski Law Center, LLC is engaged in the collection of

allegedly delinquent consumer debts allegedly owed to others, primarily health care debts.

8. Defendant Grabowski Law Center, LLC uses the mails and telephones in conducting its business.

9. Defendant Grabowski Law Center, LLC is a debt collector as defined in the FDCPA.

**FACTS**

10. On or about June 30, 2009, plaintiff's father Dee Graves entered into a contract with Lexington Health Care Center of Streamwood, Inc. for long term care. A copy of the contract is attached as Appendix A.

11. Appendix A is a form document regularly used by Lexington Health Care Center of Streamwood, Inc., which operates a nursing home.

12. Lexington Health Care Center of Streamwood, Inc. regularly accepts payments under the Medicare and Medicaid programs. (Appendix B)

13. Inger M. Graves is not a party to Appendix A.

14. Inger M. Graves signed Appendix A as "resident's representative" for Dee Graves, who was unable to sign personally.

15. Inger M. Graves's signature in a fiduciary capacity on Appendix A is legally that of Dee Graves and cannot bind Inger M. Graves to any obligation. Kankakee Concrete Products Corp. v. Mans, 81 Ill.App.3d 53, 400 N.E.2d 637 (3rd Dist. 1980); Capital One Bank, N.A. v. Czekala, 379 Ill. App. 3d 737; 884 N.E.2d 1205 (3rd Dist. 2008).

16. Appendix A does not purport to impose personal contractual liability on the representative or fiduciary. Instead, it obligates the fiduciary to have or secure appropriate authority to act on behalf of the resident if the resident is or becomes unable to make responsible decisions regarding the resident's person or estate (paragraphs 20, 31, 32), and to use any of the resident's assets over which they have control as trustee or otherwise for the benefit of the resident (paragraphs 21, 32).

17. Federal law prohibits a nursing home which receives Medicaid or Medicare funds from requiring a guarantor for admission. 42 U.S.C. §1396r(c)(5)(A)(ii) provides:

> **(A) Admission**
>
> **With respect to admissions practices, a nursing facility must-**
> **\*\*\***
>
> **(ii) not require a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to, or continued stay in, the facility; ...**

18. On February 4, 2010, Grabowski Law Center, LLC filed a lawsuit against plaintiff Inger M. Graves on behalf of Lexington Health Care Center of Streamwood, Inc., claiming that she was personally liable to pay for the services provided to Dee Graves. A copy of the complaint is in Appendix C, without the attached contract.

19. Appendix C did not claim that Inger M. Graves had misused any assets of Dee Graves or breached any representation concerning her authority.

20. Appendix C simply alleged that Lexington Health Care Center of Streamwood, Inc. had provided nursing, rehabilitation and medical services to Dee Graves at the request of Inger M. Graves and that Inger M. Graves was therefore liable for their reasonable, usual and customary prices.

21. Grabowski Law Center, LLC's attempt to impose personal liability against Inger M. Graves because she signed as fiduciary for Dee Graves is:

 a. An attempt to assert a liability which does not exist;

 b. A violation of and an attempt to evade compliance with 42 U.S.C. §1396r(c)(5)(A)(ii). Instead of openly requiring a third-party guarantee, which is illegal, Grabowski Law Center, LLC's clients have friends and family members of sick elders sign as fiduciary and then claim that the signature obligates them personally, in effect amounting to an automatic guarantee.

 c. An attempt to enforce a liability barred by the statute of frauds, 740 ILCS 80/1, which provides: "That no action shall be brought, . . . whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person . . . unless

3

the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." Under current Illinois law, the statute applies even though the debt did not exist at the time the promise was made. Rosewood Care Ctr., Inc. v. Caterpillar, Inc., 226 Ill. 2d 559, 877 N.E.2d 1091 ( 2007) (promise to pay for the future nursing home debt of another within statute).

22. Inger M. Graves was required to retain counsel, who filed a motion to dismiss (Appendix D), which was granted by order of July 21, 2010 (Appendix E).

## VIOLATION ALLEGED

23. Defendant engaged in both unfair and deceptive practices, in violation of 15 U.S.C. §§1692e and 1692f, by attempting to impose personal liability on Inger M. Graves.

24. Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt . . .**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

25. Section 1692f provides:

> **§ 1692f.     Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to**

4

> **collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> > **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

26. Defendant's practice is deceptive because a signature as fiduciary for another does not impose personal liability.

27. Defendant's practice is unfair because:

> a. It attempts to collect through subterfuge and deceit money that is not permitted to be collected by law, in that a nursing home accepting Medicaid or Medicare funds is prohibited from openly requiring a guaranty by another under 42 U.S.C. §1396r(c)(5)(A)(ii). Claiming that a signature as representative or fiduciary imposes personal liability amounts to a mandatory requirement of a personal guaranty.
>
> b. It is unethical and unscrupulous;
>
> c. It results in substantial injury to plaintiff, who was sued and had her credit injured without any legal basis.

WHEREFORE, the Court should enter judgment in favor of Inger M. Graves and against Grabowski Law Center, LLC for the following relief:

> (1) Statutory damages;
>
> (2) A declaration that any attempt to collect money from persons signing nursing home contracts in a fiduciary or representative capacity, without allegations that they had and misused assets of the patient, is unlawful;
>
> (3) Actual damages;
>
> (4) Attorney's fees, litigation expenses and costs of suit;
>
> (5) Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)